# EXHIBIT 1

**Tarani-Alike Johnson**
45 East City Avenue, Suite 503
Bala Cynwyd, Pennsylvania

_____

TARANI-ALIKE JOHNSON,

                         Plaintiff,

v.

INVALID LIEN on 2285 Bryn Mawr Avenue
Philadelphia, PA 19131

WELLS FARGO BANK, N.A

                         Defendants.

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY,
CIVIL DIVISION

**Summons**



*Filed and Attested by the
Office of Judicial Records
28 AUG 2025 01:26 pm
B. RALLONZA*

_____

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puende continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u ostros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Information Services, One Reading Center, Philadelphia, Pennsylvania 19107 (215) 238-1701

Case ID: 250803410

**Tarani-Alike Johnson**
45 East City Avenue, Suite 503
Bala Cynwyd, Pennsylvania

_____

| | |
|---|---|
| TARANI A. JOHNSON, | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, CIVIL DIVISION |
| Plaintiff, | |
| v. | |
| INVALID LIEN on 2285 Bryn Mawr Avenue Philadelphia, PA 19131 | Verified Complaint in Equity for Quiet Title, Declaratory Judgment, Violation of TILA, B |
| WELLS FARGO BANK, N.A | |
| Defendants. | |

_____

### VERIFIED COMPLAINT IN EQUITY FOR QUIET TITLE, DECLARATORY JUDGMENT, VIOLATION OF TILA, BREACH OF CONTRACT, AND OTHER EQUITABLE RELIEF

**Plaintiff**, Tarani-Alike Johnson, also known as TARANI ALIKE JOHNSON, by way of Verified Complaint, respectfully states and alleges as follows:

## I. PARTIES AND VENUE

1. Plaintiff is an adult individual and owner of the real property located at: 2285 Bryn Mawr Avenue, Philadelphia, within Philadelphia County, Pennsylvania.

2. The Invalid Lien on 2285 Bryn Mawr Avenue Philadelphia, PA 19131 (Invalid Lien) based on the verdict from March 8, 2018 for $392,000.00 from docket number 1004001188.

3. Upon information and belief, Third party WELLS FARGO BANK, N.A., is a domestic with a principal place of business located at 420 Montgomery Street San Francisco, CA 94104 and is included for informational purposes only.

4. Venue is proper in this Court; Philadelphia County, under Pennsylvania Rules of Civil Procedure, as the actions complained of occurred in Philadelphia County. This Court has jurisdiction over this matter pursuant to the State Constitution.

## II. PROPERTY

5. The Real Property description which is the subject of this suit is commonly known as 2285 Bryn Mawr Avenue Philadelphia, PA 19131 (hereinafter "The Property").

## III. STATEMENT OF PERTINENT FACTS & FACTUAL BACKGROUND

4. Plaintiff Tarani-Alike Johnson (hereinafter "Mortgagor") entered into a mortgage transaction on or about June 7, 2007 involving a promissory note and security instrument concerning the subject property.

5. Plaintiff executed a Promissory Note (hereinafter "Note") for the amount of $392,000 which was closed on June 7, 2007, on or about the date of signing.

6. The Note was then secured by way of a mortgage (hereinafter "Mortgage") executed between Tarani A. Johnson and World Savings Bank, FSB (hereinafter "Lender") on the same date of signing of the Note.

7. Plaintiff alleges that the lender did not extend pre-existing funds, but instead monetized Plaintiff's promissory note and loan application (i.e. an extension of credit) to create deposit credit, without disclosure.

8. The mortgage loan was later transferred, sold, or securitized without Plaintiff's knowledge or consent.

9. Plaintiff was never notified that the original lender did not intend to retain the note or service the loan, nor that the note would be used as collateral or sold.

10. Defendants failed to properly disclose material facts, including the source of funds, disposition of the note, and the identity of the true lender or beneficiary.

11. A foreclosure was either commenced on or about April 9, 2010 based on an alleged default without standing or proper chain of title.

12. On or about September 11, 2015, a non-jury trial was held in the above-captioned case. Subsequently, on March 8, 2018, the court entered a verdict in favor of Plaintiff/Respondent and against Defendant/Movant for $392,000. *A true and correct copy of the Trial Work Sheet, dated 3/8/18 is attached is attached hereto as* **Exhibit "A"**

13. However, as of today's date, there still remains no evidence of record that the March 8, 2018 verdict was ever reduced to a judgment – either by direction of the trial court Judge or through a praecipe for entry of judgment. *See Pa.R.C.P. 227.4(1)(b)*

14. Despite the Defendant's longstanding failure to seek a final judgment in the mortgage foreclosure case, on or about March 30, 2018, Plaintiff improperly filed their **first unlawful** Praecipe for Writ of Execution based upon the standalone March 8, 2018 verdict.

15. Subsequently, a **second unlawful** Praecipe to issue an improper Writ of Execution was filed on August 16, 2019 with no judgment to base it on.

Case ID: 250803410

16. Then after, a **third unlawful** <u>Praecipe to issue a Writ of Execution</u> was filed on January 11, 2022, yet again with no judgment to base it on.

17. Defendant <u>intentionally</u> and <u>willfully</u> proceeded with execution on a verdict that was never reduced to judgment and, ultimately, pushed Petitioner's house into Sheriff's Sale leading to the filing of an ejectment action, docketed at Case #231002091. **As of the date of the instant petition, the court's verdict in the foreclosure case has never been reduced to judgment**, as required by the applicable rules.

18. On February 4, 2025, the court granted Movant's Motion, set aside the Sheriff's sale, and struck ALL void subsequently issued Writs and the Sheriff's deed transferring title from Movant to Respondent. On that same date, the court dismissed, without prejudice, Respondent's ejectment's action. *True and correct copies of the court's February 4, 2025 Orders are attached hereto as **Exhibit "B"***

19. In fact, the order that was issued by the court clearly stated: "*Quite simply, there is no judgment against Ms. Johnson, meaning all the execution and enforcement proceedings that transpired are void and a nullity, including the sale of the property at issue. Thus, pursuant to the applicable rules, the court is constrained to set aside the sale.*"

20. Despite, entry of the court's order in the foreclosure action, of which rendered **ALL execution and enforcement proceedings <u>void</u> and a <u>nullity</u>**, counsel for Third Party, in direct violation of the court's order of February 4, 2025, yet again have filed a **fourth unlawful** <u>Praecipe to issue a Writ of Execution</u> with another **void sheriff sale set for October 7, 2025.**

21. **Third Party's deliberate and willful acts of egregious defiance and blatant disregard of Judge Joshua Roberts order of February 4, 2025 and well settled Pennsylvania Law, is further concrete evidence why a Quiet Title in favor of Plaintiff is not only warranted, but is <u>extremely imperative</u>.**

22. Per Rule 3022(a): *A verdict or order for a specific sum of money when entered in the judgment index **shall create a lien on real property** located within the county, title to which at the time of entry is recorded in the name of the person against whom the verdict or order was rendered. **The lien shall continue for five years unless the verdict is sooner reduced to judgment or the court sooner awards a new trial or enters a judgment notwithstanding the verdict.***

23. Per 231 Pa. Code r. 3031.1(a): *A judgment of revival when entered in the judgment index shall continue or create a lien as provided by Rule 3027(b) governing the lien of a writ of revival.*

Case ID: 250803410

***The lien shall continue for five years from the date the judgment was entered*** *in the judgment index* ***unless the judgment is sooner discharged or the lien is sooner revived.***

24. In this case, the verdict was entered and created a lien on March 30, 2018.

25. Five years from that date was March 30, 2023, which then has since expired.

26. Consequently pursuant to *Pa.R.C.P. 3022(a)* and applicable case law, the March 8, 2018 entered verdict, in favor of Defendant can no longer be enforced against Plaintiff. Therefore, Plaintiff is entitled to entry of Summary Judgment and Quieted in her favor and against Defendant and Lien.

27. Between those years, 1) the verdict had not been reduced to a judgment, 2) the court had not awarded a new trial or entered a judgment notwithstanding the verdict, 3) the (nonexistent) judgment was not discharged and 4) the lien was never revived.

28. Given that none of those events occurred, the verdict and lien are no longer valid, and simply constitute a cloud on title against The Property which must now be removed.

## III. CAUSES OF ACTION FOR WHICH RELIEF CAN BE GRANTED

### COUNT I – QUIET TITLE (Pa. R.C.P. 1061)

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Plaintiff seeks to quiet title against adverse claims by Defendant(s).

31. 231 Pa. Code§ 1061(a) states, "*Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to a civil action.*"

32. 231 Pa. Code§ 1061(b)(2) and (3) state, "*The action may be brought ... (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; ...* "

33. A party may file a "*Quiet Title Action*" at any time. *Montgomery County, PA v. MERSCORP, Inc.*, 904 F. Supp.2d 436, 440 (E.D. Pa. 2012).

34. There is no statute of limitations to a quiet title action to current claims, *Kean v Forman,* 752 A.2d 906, 908 (Pa. Super. Ct. 2000).

Case ID: 250803410

35. The Rules provide that the plaintiff who files the quiet title action has the burden of proving the facts which support his claim to title, but the burden of proof is a mere preponderance of the evidence, often described as tipping the scales by the weight of a feather. *Poffenberger v. Goldstein,* 776 A.2d 1037, Pa. Commw. Ct. 2001).
36. Third party had claimed an interest and estate in the property adverse to Plaintiff however, that interest has now expired, as of March 30, 2023.
37. As such, Third Party has no interest in the property any more, and Plaintiff is entitled to have the lien removed.
38. In addition, Defendant(s) have no enforceable interest in the property due to defective or incomplete transfer, securitization, or failure of consideration.

## COUNT II – DECLARATORY JUDGMENT (42 Pa.C.S. § 7531 et seq.)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
40. An actual controversy has arisen and now exists between Plaintiff and Third Party specified above regarding Plaintiff's respective rights and duties in the subject property and aforementioned invalid lien.
41. Plaintiff requests a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.
42. Once those rights are ascertained, the Invalid Lien shall be removed from the property, along with any rights alleged by Third Party.
43. Plaintiff seeks to quiet title as of the date of the filing of this Complaint.
44. Further, Plaintiff seeks a declaration that the security instrument is void or unenforceable.
45. The separation of the note and deed, along with undisclosed transfers, has clouded title.
46. The true ownership of the recorded deed of record is vested in TARANI ALIKE JOHNSON.
47. Plaintiff seeks a judicial declaration that the Third Party, their agents and assigns, be forever enjoined from asserting any claim against Plaintiff.

## COUNT III – VIOLATION OF TILA (15 U.S.C. § 1601 et seq.)

48. Defendant(s) failed to disclose material terms of credit, true creditor identity, and intended use of the promissory note, in violation of 15 U.S.C. § 1631 et seq.
49. Plaintiff is entitled to rescission and statutory damages under 15 U.S.C. § 1635.

## COUNT IV – BREACH OF CONTRACT

50. Defendant(s) breached the implied covenant of good faith and fair dealing by failing to disclose the monetization of Plaintiff's promissory note.
51. No lawful consideration was given by the originating lender.

## COUNT V – UNJUST ENRICHMENT

52. Defendant(s) have been unjustly enriched by profiting from the mortgage without offering value.
53. Plaintiff is entitled to restitution or disgorgement of unjust proceeds.

## COUNT VI – VIOLATION OF PENNSYLVANIA UTPCPL (73 P.S. § 201-1 et seq.)

54. Defendant(s) engaged in deceptive practices and omissions concerning the terms and nature of the mortgage loan.
55. Plaintiff relied on these omissions to their detriment.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in their favor and against defendant, as follows:

A. Quieting title in favor of Plaintiff and against all Defendant(s) and Third Party;
B. Awarding Plaintiff by removing the expired lien from the property immediately;
C. Declaring that the mortgage/security deed is null and void and unenforceable;
D. Granting rescission of the mortgage loan transaction under federal and state law;
E. Awarding Plaintiff attorneys' fees and costs against Third Party;
F. Awarding Plaintiff compensatory and punitive damages against Third Party;
G. Awarding Plaintiff statutory damages, restitution, and disgorgement of profits;
H. Enjoining any future attempts to enforce or transfer the mortgage lien; and
I. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: August 25, 2025

Bye: /s/ Johnson, tarani-alike, Master Agent

Tarani-Alike Johnson, Master Agent for
TARANI ALIKE JOHNSON

Case ID: 250803410

# AFFIDAVIT OF VERIFICATION

I, Tarani-Alike Johnson, verify that the facts set forth in this Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Respectfully submitted,

Date: August 25, 2025

Bye: /cs/s: johnson, tarani-alike, Master Agent

Tarani-Alike Johnson, Master Agent for
TARANI ALIKE JOHNSON

Sworn to before me this 25th day of August, 2025

*[signature]*
Notary Public

Commonwealth of Pennsylvania - Notary Seal
SHERRY A. FRASER, Notary Public
Delaware County
My Commission Expires April 21, 2026
Commission Number 1053345

Case ID: 250803410



Filed and Attested by the
Office of Judicial Records
28 AUG 2025 01:26 pm
B. BALILONTS

# EXHIBIT A

Case ID: 250803410

Court of Common Pleas of Philadelphia County
Trial Division - Civil

# TRIAL WORK SHEET

| Judge's Name: SHELLEY ROBINS-NEW | Judge's I.D.: J425 | Signature: *Shelley Robins-New* |
|---|---|---|

| Caption: WELLS FARGO BANK, N.A. VS JOHNSON | Case Type: RESIDENTIAL OWNER OCCUPIED-MR | Program: MORTGAGE FORECLOSURE |
|---|---|---|

| Court Term and Number: #1004-01188 | If Consolidated, Court Term and Number: |
|---|---|

| Trial Date: 11-SEP-2015 | ☐ Jury  ☒ Non-Jury | Total Amount: $392,000.00 | Number of Days: 1 | Disposition Date: 08-MAR-2018 | Date Sheet Prepared: 08-MAR-2018 |
|---|---|---|---|---|---|

**Full Description of Disposition (to be entered Verbatim on the Docket)**

Court finds in favor of Plaintiff, Wells Fargo Bank, N.A., Successor by Merger to Wachovia Bank, N.A. and against Defendant Tarani A. Johnson, Defendant, in the amount of $392,000 in this Mortgage Foreclosure Action.

☐ Default Judgment/Court Ordered
☐ Directed Verdict
☐ Discontinuance Ordered
☐ Transferred to binding arbitration
☐ Finding for Defendant (Non-Jury)
☒ Finding for Plaintiff (Non-Jury)
☐ Damages Assessed
☐ Judgment entered by agreement
☐ Judgment entered
☐ Judgment satisfied

☐ Jury Verdict for Plaintiff
☐ Jury Verdict for Defendant
☐ Mistrial
☐ Hung Jury
☐ Non-Pros entered
☐ Non-Suit entered
☐ Settled prior to assignment for trial (Team Leaders, only)
☐ Settled after assignment for trial
  ☐ prior to jury selection
  ☐ after jury sworn

☐ Other (explain)

Wells Fargo Bank, N.A. -WSFFP

10040118800080

DOCKETED
COMPLEX LIT CENTER
MAR 8 2018
J. STEWART

TRIALWS REV 6/5/17

Case ID: 250803410
Page 1 of 1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  J. STEWART  03/12/2018



# EXHIBIT B

Case ID: 250803410

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CIVIL

ORDER-Wells Fargo Bank, N.A. Vs Johnson [LKO]

| | |
|---|---|
| WELLS FARGO BANK, N.A. | : April Term 2010 |
| v. | : |
| TARANI A. JOHNSON | : No. 1188 |
| | : Control No. 24121352 |

10040118800472

## ORDER

**AND NOW**, this **4th day of February, 2025**, upon consideration of the Defendant's Motion to Set Aside Sheriff's Sale and/or Strike Writ of Execution, Plaintiff's Response, and the supplemental filings, it is **ORDERED** that the Motion is **GRANTED**.[1]

---

[1] It is a fundamental axiomatic principle that any judgment execution or enforcement proceeding must be premised on an actual, valid judgment. The entire section of the Rules of Civil Procedure concerning execution and enforcement is headed "Judgments" and a judgment is defined in Pa. R. Civ. P. 3020. Here, despite the conduct of the parties, court officials, the sheriff, and judges, the trial finding in favor of Wells Fargo and against Ms. Johnson was never reduced to a judgment. There is nothing in the law where a judgment can be "created" by estoppel or conduct of the parties. Quite simply, there is no judgment against Ms. Johnson, meaning all of the execution and enforcement proceedings that transpired are void and a nullity, including the sale of the property at issue. Thus, pursuant to the applicable rules, the Court is constrained to set aside the sale.

Although the Court is legally bound to take this drastic action, it should be noted that Ms. Johnson never raised the judgment issue until she was represented by current counsel. Instead, over the last decade, Ms. Johnson, proceeding *pro se,* and *acting* as if Wells Fargo held a valid judgment, engaged in a course of delay and obfuscation, filing multiple meritless appeals and meritless adjacent lawsuits. During this time, Ms. Johnson has not made a single mortgage payment to Wells Fargo. In all, Ms. Johnson has wasted substantial resources through her course of conduct. The Court cannot countenance this bad faith.

Case ID: 250803410

It is **FURTHER ORDERED** that (i) the sale of 2285 Bryn Mawr Ave., completed on February 7, 2023, docketed on March 1, 2023, and acknowledged by the Sheriff's deed on the docket on May 30, 2023 (WRIT NUMBER 2204-420), is **SET ASIDE**; and (ii) to the extent any deed has been recorded related to the sale, the deed is **STRICKEN**.

BY THE COURT:

J. _____

---

The Court separately notes that this Order likely only delays the inevitable. Ms. Johnson has extensively litigated the merits of Judge Robins-New's trial finding, and those decisions likely remain the law of the case and binding on the parties. Thus, if Wells Fargo reduces Judge Robins-New's trial finding to a judgment, it may then again commence execution and enforcement practice. The end result, if Ms. Johnson is unable to pay off the *in rem* judgment, will be the eventual sale of the property at Sheriff's sale.