**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TARANI-ALIKE JOHNSON<br><br>Plaintiff,<br><br>vs.<br><br>INVALID LIEN on 2285 Bryn Mawr Avenue Philadelphia, PA 19131<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Civil Action No.: 2:26-cv-00036-MAK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I.     PRELIMINARY STATEMENT**

Plaintiff Tarani-Alike Johnson's ("Plaintiff") Complaint is nothing more than an improper collateral attack against a fully adjudicated state court foreclosure action. Plaintiff's Complaint fails because it is barred by the doctrines of *res judicata* and collateral estoppel and Plaintiff does not state any facts to set forth a viable claim for relief. Accordingly, the Complaint fails to state a claim upon which relief can be granted and should be dismissed against Wells Fargo pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.     FACTUAL AND PROCEDURAL HISTORY**

**A.     The Loan and Plaintiff's Default**

1

On June 5, 2007, Plaintiff executed a note and mortgage in favor of Wells Fargo's predecessor in interest, World Savings Bank, FSB (the "Loan"), against the real property located at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania (the "Property"). *See Docket Entry ("DE") No. 1-1* at ¶¶ 4-6. The subject mortgage was recorded on July 25, 2007, and Wells Fargo became owner of the Loan by way of its merger with World Savings Bank, FSB. *See Declaration of Louis A. Bayles ("Bayles Decl.")*, Exhibit ("Ex.") 1, ¶¶ 1-3.[1] Plaintiff defaulted under the terms of the Loan on or about January 1, 2009, and as a result, Wells Fargo commenced a foreclosure action against Plaintiff in the Court of Common Pleas for Philadelphia County, Pennsylvania (the "Foreclosure Action"). *Bayles Decl.,* Ex. 1, ¶ 5*; see also DE No. 1-1* at ¶ 11.

### B. The Foreclosure Action and Judgment in Favor of Wells Fargo

After commencing the Foreclosure Action because of Plaintiff's default, Plaintiff initiated at least three bankruptcy proceedings to delay the foreclosure action. *See Bayles Decl., Exs 2-4.* On May 3, 2024, Plaintiff filed her first bankruptcy petition under Chapter 13 of the Bankruptcy Code, under case number

---

[1] The Court may take judicial notice of public records. *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009). Likewise, and when considering a Rule 12(b)(6) motion to dismiss, the Court "may consider documents that are to or submitted with the complaint and 'any matters incorporated by reference or integral to the claim…'". *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). In this case, Plaintiff explicitly refers to the Foreclosure Action in paragraph 11 of her Complaint and repeatedly challenges the validity of the Foreclosure Action throughout her Complaint. As such, the documents filed in the Foreclosure Action are integral to Plaintiff's Complaint, and the Court may properly consider them.

10-13614 (the "First Bankruptcy"). *Id., Ex. 2*. The First Bankruptcy was dismissed on November 4, 2010, because Plaintiff failed to file required information with the Bankruptcy Court. *Id.*

Thereafter, on February 26, 2011, Plaintiff filed her second Chapter 13 bankruptcy petition under case number 11-11408 (the "Second Bankruptcy"), which was dismissed on November 1, 2012, because of Plaintiff's failure to make plan payments. *Id., Ex. 3*. On November 9, 2012, Plaintiff commenced a third bankruptcy proceeding under case number 12-20451 (the "Third Bankruptcy"), which was subsequently converted to a case Chapter 7 of the Bankruptcy Code on September 25, 2013. *Id., Ex. 4*. Plaintiff received a discharge on March 13, 2014, and the foreclosure proceedings resumed with respect to the Property. *Id.*

The Court of Common Pleas for Philadelphia County subsequently held a non-jury trial in the Foreclosure Action on September 11, 2015, and entered a verdict in favor of Wells Fargo and against Plaintiff on March 8, 2018, in the amount of $392,000.00 (the "Judgment"). *Id., Ex. 5*.

### C. **Plaintiff's Post Judgment Challenges to the Judgment**

After the Judgment was entered in favor of Wells Fargo in the Foreclosure Action, Plaintiff continued to file frivolous post-judgment motions relating to Wells Fargo's standing to foreclose and challenging the validity of the Judgment. Notably, on May 25, 2018, Plaintiff filed a motion to dismiss alleging that the Judgment was

3

void and requested that it be vacated. *Id., Ex. 6*. The Court of Common Pleas denied Plaintiff's untimely motion to dismiss on June 18, 2018. *Id., Ex. 7*.

Plaintiff then filed a frivolous motion to "set-off, satisfy, and close all debts and obligations" on or about July 16, 2018, which the Court denied by Order dated August 10, 2018. *Id., Exs. 8-9*. Plaintiff subsequently noticed an appeal with the Superior Court of Pennsylvania with respect to the Court's August 10, 2018 Order, however, Plaintiff's appeal was quashed by the Superior Court on October 31, 2018. *Id., Exs. 10-11*. Following her unsuccessful appeal, Plaintiff then commenced a fourth bankruptcy proceeding on November 5, 2018 under case number 18-17342 (the "Fourth Bankruptcy"). *Id., Ex. 12*. On January 31, 2019, the Chapter 13 Trustee filed a motion to dismiss the Fourth Bankruptcy because of Plaintiff's failure to file required information and make timely payments. *Id.* The Bankruptcy Court then entered an Order dismissing the Fourth Bankruptcy on July 22, 2019. *Id.*

Undeterred, and after raising a multitude of additional challenges in the Foreclosure Action – none of which were successful, Plaintiff commenced her fifth bankruptcy proceeding under case number 22-12013 (the "Fifth Bankruptcy") on August 1, 2022. *Id., Ex. 13*. The Fifth Bankrputcy was filed one day before a scheduled sheriff's sale in the underlying Foreclosure Action, and on August 29, 2022, the Bankruptcy Court entered an Order dismissing the Fifth Bankruptcy because of Plaintiff's failure to file the requisite documents. *Id.* Notwithstanding

4

five previous dismissals, Plaintiff commenced a sixth bankruptcy action under case number 22-12668 on October 3, 2022 (the "Sixth Bankruptcy"). *Id., Ex. 14*.

In Plaintiff's Sixth Bankruptcy, Wells Fargo filed a Motion for Relief from the Automatic Stay in order to proceed with the Sale of the Property in the underlying Foreclosure Action. *Id.* Following the filing of its Motion for Relief from Stay, on November 14, 2022, Plaintiff commenced an adversary proceeding against Wells Fargo under case number 22-00086 (the "Adversary Proceeding"). *Id., Ex. 15*. However, on or about January 13, 2022, Plaintiff voluntarily withdrew her Adversary Proceeding. *Id.*

D.   **The 2023 State Court Action**

Following her withdrawal of the Adversary Proceeding, Plaintiff continued her efforts to delay the foreclosure and commenced an improper collateral attack against Wells Fargo in the Court of Common Pleas of Philadelphia County under case number 230302141 on March 17, 2023 (the "2023 Action"). *Id., Ex. 16*. In her Complaint, Plaintiff raised seven counts for: (1) quiet title; (2) declaratory relief; (3) unlawful foreclosure; (4) unjust enrichment; (5) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (6) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (7) slander of title. *Id.,* at Ex. A.

Like the present action, all of Plaintiff's claims in the 2023 Action were predicated on her theory that Wells Fargo lacked standing to commence the underlying Foreclosure Action or that the Judgment was invalid. *Id.* Wells Fargo removed the 2023 Action to the United States District Court for the Eastern District of Pennsylvania on April 11, 2023. *Id.* Following Wells Fargo's removal of the 2023 Action to this Court, Wells Fargo filed a motion to dismiss in which it argued that all of Plaintiff's claims were precluded by the doctrines of *res judicata* and collateral estoppel and that Plaintiff otherwise failed to state a claim upon which relief can be granted.

On February 15, 2024, the Court entered an Order granting Wells Fargo's Motion to Dismiss in the 2023 Action and found that the claims raised by Plaintiff "are barred by *res judicata*" because the underlying "material facts, documents and witnesses are all the same as the foreclosure action." *Id., Ex. 18* at p. 5. The Court dismissed the 2023 Action, with prejudice, and denied Plaintiff's other frivolous filings with the Court. *Id.*

### E.  Plaintiff's Continuous Filings & The Instant Action

Notwithstanding this Court's well-reasoned ruling with respect to Plaintiff's claims in the 2023 Action, Plaintiff continues to raise challenges to the Foreclosure

6

Action in both federal and state court.[2]   Most recently, on December 26, 2025, Plaintiff filed a Complaint and Motion for Temporary Restraining Order in the United States District Court for the Northern District of California seeking to challenge the Foreclosure Action. *Id., Ex. 19*.  In its Order denying Plaintiff's Motion for a Temporary Restraining Order, the Northern District of California noted that Plaintiff has already been declared a vexatious litigant and has been enjoined from filing cases in the Eastern District of Pennsylvania that name Wells Fargo and raise claims relating to the Foreclosure Action.  *Id; see also Johnson v. Wells Fargo Bank, N.A.*, No. 23-cv-01376-KBH (E.D. Pa. Apr. 30, 2024).

On August 28, 2025, Plaintiff, a known vexatious litigant filed her instant complaint in state court raising six counts for: (1) quiet title; (2) declaratory judgment; (3) violation of the Truth in Lending Act ("TILA"); (4) breach of contract; (4) unjust enrichment; (5) unjust enrichment; and (6) violation of Pennsylvania's UTPCPL. *DE No. 1-1*.  Once again, all of Plaintiff's claims are predicated on her

---

[2] In addition to the facts and matters set forth in Section II herein, Plaintiff has commenced a litany of lawsuits, appeals, bankruptcies, and adversary proceedings in both state and federal court against Wells Fargo. *See Tarani Johnson v. Wells Fargo Bank, N.A.*, No. 23-cv-01464 (E.D. Pa., Jun. 20, 2023) (dismissing case without prejudice for failure to prosecute); *Tarani Johnson v. Wells Fargo Bank, N.A.*, No. 23-cv-03091 (E.D. Pa., Sep. 12, 2023) (holding that Johnson's claims challenging the validity of the Foreclosure Action were barred by the doctrines of *res judicata* and collateral estoppel and dismissing her Complaint, with prejudice); *Tarani Johnson v. Wells Fargo Bank, N.A.*, No. 23-cv-03478 (E.D. Pa., Sep. 25, 2023) (case voluntarily dismissed by Plaintiff); *see also Tarani Johnson v. Wells Fargo Bank, N.A.*, No. 24-cv-01445 (3d Cir. Cir. 2024); *Tarani Johnson v. Wells Fargo Bank, N.A.*, No. 24-cv-02022 (3d Cir. 2024).

failed theory that Wells Fargo, somehow, does not possess a valid lien against the Property and that the Judgment against her is somehow invalid. *Id.,* at ¶ 28.

Despite Plaintiff's continued challenges and attempts to delay the foreclosure proceedings, the Court of Common Pleas entered an Order on December 2, 2025, scheduling a Sheriff's Sale in the Foreclosure Action on January 6, 2026. *See Bayles Decl., Ex. 20*. Thereafter, Wells Fargo removed the instant action to this Court on January 5, 2026. *See DE No. 1*. Now, Wells Fargo files its instant motion to dismiss and respectfully requests that Plaintiffs' Complaint be dismissed in its entirety, and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. <u>LEGAL STANDARD</u>

When the facts alleged in a complaint as well as the attachments thereto, accepted as true by the Court, fail to state a plausible claim for relief, the complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *Pension Benefit Guar. Corp. v. White Consol. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court, however, need not accept as true legal conclusions, conclusory and unwarranted deductions of fact, or unreasonable inferences. *Iqbal*, 556 U.S. at 679. Likewise, if the facts alleged are insufficient to show that the plaintiff has a

"plausible claim for relief," the plaintiff's claims cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 679; *Fowler*, 578 F.3d at 211. A claim only nudges across the plausibility line when the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide . . . the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

In this case, Plaintiff's claims are barred by various preclusion doctrines and Plaintiff does not allege facts sufficient to sustain any of the Counts alleged in her Complaint. Rather, the Complaint is rife with legal conclusions all premised on Plaintiff's failed theory that the Judgment is invalid and that Wells Fargo lacked standing to commence the Foreclosure Action. Plaintiff cannot set forth a plausible claim for relief based upon the facts alleged in her Complaint, and Plaintiff's Complaint cannot survive a Rule 12(b)(6) motion to dismiss. As such, Plaintiff's Complaint should be dismissed in its entirety, and with prejudice.

## IV. LEGAL ARGUMENT

### A. Plaintiff's Complaint is Barred by the Doctrines of *Res Judicata* & Collateral Estoppel

As an initial matter, this action is barred pursuant to the doctrines of *res judicata* and collateral estoppel in light of the state court's Judgment as well as this Court's Order dismissing the 2023 Action with prejudice.

9

>    i.  *Plaintiff's Complaint is Barred by Res Judicata*

The doctrine of *res judicata*, or claim preclusion, "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and… promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). *Res judicata* prevents a party from asserting a claim when three elements are present: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

In determining whether actions are based on the same of causes of action, courts in the Third Circuit consider: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; whether the witnesses, and documents necessary at trial are the same; and (4) whether the material facts are the same. *Id.,* at 984 (emphasis in original and internal citations omitted); *see also In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). In addition to precluding claims that were raised in a prior litigation, the doctrine of *res judicata* also bars claims that could have been raised in a prior proceeding and vexatious litigation. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (finding that a court may dismiss an action *sua sponte* if the court is on notice the action is barred by *res judicata*).

Here, Plaintiff's Complaint is a blatant collateral attack against the Judgment in the underlying Foreclosure Action, and Plaintiff admittedly seeks to challenge the Judgment's validity. *See DE No. 1-1* at ¶ 11. Thus, Plaintiff's claims concern the same parties (Wells Fargo and Plaintiff), as well as the same legal issues and facts at issue in the Foreclosure Action (Wells Fargo's standing and the validity of the Judgment). The underlying Foreclosure Action was fully adjudicated on its merits, and therefore, Plaintiff's claims are barred by *res judicata*.

In addition to the underlying Foreclosure Action, Plaintiff also brought the exact same claims before this Court in the 2023 Action. Indeed, Plaintiff raised claims to quiet title, for declaratory relief, unjust enrichment and for violation of Pennsylvania's UTPCPL in the 2023 Action. However, this Court determined that Plaintiff's claims were fully adjudicated in the underlying Foreclosure Action and held that they were barred by the doctrines of *res judicata* and collateral estoppel. *See Bayles Decl., Ex. 18*. Plaintiff's claims relating to the Foreclosure Action were barred by the doctrine of *res judicata* in 2023, and they are barred by the doctrine of *res judicata* today.

In any event, and to the extent Plaintiff raises any novel claims in her Complaint, all of Plaintiff's claims seek to challenge the underlying Judgment as well as Wells Fargo's standing to commence the Foreclosure Action. Therefore, Plaintiff should have been raised her instant claims in the underlying foreclosure

11

proceedings and subsequent 2023 Action. Plaintiff's Complaint is nothing more than yet another improper attempt to relitigate the Foreclosure Action, and her claims are barred by the doctrine of *res judicata*. Accordingly, the Court should dismiss Plaintiff's Complaint against Wells Fargo, with prejudice.

  ii. <u>Plaintiff's Complaint is Barred by Collateral Estoppel</u>

Under Pennsylvania law, the elements of collateral estoppel are: (1) the issued decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the question in issue in a prior action. *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 105-06 (3d Cir. 2006).

In this action, Plaintiff once again alleges and predicates all of her claims on the theory that "[a] foreclosure was either commenced on or about April 9, 2010, based on an alleged default without standing or proper chain of title." *See DE No. 1-1* at ¶ 11. In the 2023 Action, Plaintiff raised the exact same issue by alleging that "[Wells Fargo] filed and unlawfully claimed to have served its complaint with no legal standing" and that "[Wells Fargo]… had no evidence at the time of filing that it has any lawful interest in Plaintiff's home." *See Bayles Decl., Ex. 16* at Ex. A, ¶¶

3, 5. Additionally, Plaintiff raised challenges to Wells Fargo's standing, direct in the Foreclosure Action, *ad nauseum*.

Undoubtedly, this case concerns the exact same issue decided numerous times over in the Foreclosure Action as well as the 2023 Action concerning Wells Fargo's standing to foreclosure or otherwise enforce the Judgment. Likewise, the parties, Plaintiff and Wells Fargo, are identical, and this Court as well as the Court of Common Pleas ruled in favor of Wells Fargo on numerous occasions. Lastly, Plaintiff, a serial litigant who has sued Wells Fargo dozens of times in various tribunals, has had more than a full and fair opportunity to litigate her claims on the merits. The underlying Foreclosure Action has remained pending for fifteen (15) years and Plaintiff has not made a mortgage payment since 2009. Thus, Plaintiff has had the opportunity to challenge Wells Fargo's standing, did so, and lost.

Plaintiff cannot use the Court system to endlessly challenge Wells Fargo's property interest, and Wells Fargo is entitled to finality with respect to Plaintiff's frivolous claims. Accordingly, Plaintiff's Complaint is barred by the doctrine of collateral estoppel and should be dismissed against Wells Fargo, with prejudice.

> **B.** **Plaintiff Does Not Sufficient Facts to Support Her Claims and Therefore, Fails to State a Claim Upon Which Relief Can Be Granted**

  i. *Plaintiff Fails to State a Claim to Quiet Title*

Pennsylvania Rule of Civil Procedure 1061(b)(3) allows for an action to quiet title to "compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." *US Bank Nat. Ass'n v. McClain*, No. 3062 EDA 2014, 2015 WL 6143916, at *7 (Pa. Super. Oct. 16, 2015). The purpose of a quiet title action under this statute is to remove clouds on title and resolve conflict over interests in property. *White v. Young*, 186 A.2d 919, 921 (Pa. 1963).

As set forth above, the state court held a non-jury trial in the underlying Foreclosure Action and ruled in favor of Wells Fargo, necessarily determining Wells Fargo's its lien interest in the Property was valid. *Bayles Decl., Ex. 5*. Plaintiff has since challenged the state court's ruling before numerous tribunals, and lost every time. *See supra*. As such, Plaintiff cannot plausibly maintain a claim to quiet title based on her same failed theory that Wells Fargo lacked standing to foreclose. Ultimately, the state court finder of fact found for Wells Fargo, and has since scheduled a sale of the Property in the Foreclosure Action. *Id., Exs. 5, 19*. As such, Plaintiff's repeated challenges to the Judgment and Wells Fargo's standing cannot survive dismissal.

    ii.    *Plaintiff Fails to State a Claim for Declaratory Judgment*

In Counts II of her Complaint, Plaintiff seeks to enjoin Wells Fargo from asserting any claims against her with respect to its lien interest in the Property. *See DE No. 1-1* at ¶ 47.

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citing *Child Evangelism Fellowship of New Jersey Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004)).

In this case, and as set forth above, Plaintiff does not have any chance of succeeding on the merits because all of her claims are barred by the doctrines of *res judicata* and collateral estoppel. Plaintiff will not suffer irreparable harm absent an injunction because enforcing a valid state court Judgment against Plaintiff does not constitute harm that is "irreparable". Issuing an injunction will result in greater harm to Wells Fargo because it possesses a valid lien interest in the Property, and Plaintiff has delayed the underlying foreclosure proceedings for fifteen (15) years. And lastly, the public interest would not be served by an injunction because Plaintiff's efforts to vacate the state court Judgment constitutes nothing more than a vexatious attempt to avoid her obligations under the Loan or otherwise harass Wells Fargo.

Plaintiff simply does not and cannot set forth any factual basis for her claims and therefore fails to satisfy the criteria that would entitle her to injunctive relief. As such, Counts II of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

  iii. *Plaintiff Fails to State a Claim Under TILA*

Next, in Count III of her Complaint, Plaintiff alleges that Wells Fargo failed to make disclosures to Plaintiff at the time of origination and claims that she is entitled to both recission and statutory damages under TILA. *See DE No. 1-1* at ¶¶ 48-49. However, Plaintiff's TILA claim is time-barred, and Plaintiff fails to state a claim upon which relief can be granted.

In order to maintain an action for either actual or statutory damages (besides rescission) under TILA, the action must be brought "within one year of the occurrence of the violation." 15 U.S.C. § 1640(e). *See Oldroyd v. Associates Consumer Discount Co. Pa.*, 863 F. Supp. 237, 240 (E.D. Pa. 1994) ("[T]he one year limitations period must run from the date of the complained-of violation"); *Woolaghan v. United Mortgage Service, Inc.*, 140 B.R. 377, 381 (W.D. Pa. 1992). Moreover, TILA provides that an obligor's right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property…". 15 U.S.C. § 1635(f); *See also Williams v. Wells Fargo Home Mortg., Inc.* 410 Fed. Appx. 495, 498 (3d Cir. 2011) (holding that a borrower's time to

rescind the loan transaction at issue began to run when the transaction was consummated).

In this action, the Loan at issued was originated in 2007, and therefore Plaintiff's time to bring any claim under TILA would have expired three years later in 2010. *See DE No 1-1* at ¶ 4 ("Plaintiff Tarani-Alike Johnson entered into a mortgage transaction on or about June 7, 2007"). Plaintiff's failure to bring her TILA claim against Wells Fargo within three years is fatal to her claim and Count III of the Complaint is barred by the applicable statute of limitations. As such, the Court should dismiss Count III, with prejudice.

    iv.    *Plaintiff Fails to State a Claim for Breach of Contract*

A cause of action for breach of contract must be established by pleading: (1) the existence of contract including the essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999). In Count IV of her Complaint, Plaintiff curiously alleges that Wells Fargo breached a contract with Plaintiff because "no lawful consideration was given by the originating lender." *DE No. 1-1* at ¶ 51. However, Under Pennsylvania law, an agreement is not enforceable in the absence of consideration. *Kent v. Costruzione Aeronautiche Giovanni Augusta, S.p.A*, No. 90-2233, 1990 U.S. Dist. LEXIS 12583 (E.D. Pa., Sep. 20, 1990).

Accepting Plaintiff's allegations as true, Wells Fargo could not have plausibly breached a contract that it had with Plaintiff, because the alleged contract would fail for lack of consideration. Notwithstanding the fact that Plaintiff's allegations are nonsensical, Plaintiff fails to identify any provision of the subject mortgage that Wells Fargo breached. Additionally, Plaintiff cannot plausibly allege that she did what the Loan required her to do, because it was conclusively determined in the Foreclosure Action that Plaintiff defaulted on her Loan obligations. *See Bayles Decl., Ex. 5*. Accordingly Plaintiff fails to state a claim for breach of contract and Count IV of her Complaint should be dismissed, with prejudice.

    v.    *Plaintiff Fails to State a Claim for Unjust Enrichment*

Under Pennsylvania Law, a cause of action for unjust enrichment does not arise where there is a written contract between the parties. *Northeast Fence & Iron Works, Inc. v. Murphy Quigly Co., Inc.*, 933 A.2d 664, 668 (Pa. Super. 2007). In this case, Plaintiff paradoxically asserts a claim for unjust enrichment based on conduct that solely relates to the Loan between the parties and underlying Foreclosure Action. *See generally DE No. 1-1*. Because there is a written contract, which Plaintiff even concedes to in her Complaint, Plaintiff fails to state a quasi-contractual claim for unjust enrichment and Count V should be dismissed with prejudice.

In any event, the record in the underlying Foreclosure Action reveals, that Plaintiff, not Wells Fargo, was unjustly enriched as she has not made a single mortgage payment in over fifteen years. Plaintiff continues to maintain possession of the Property despite her default and despite the state court's Judgment. As such, Plaintiff cannot plausibly allege that Wells Fargo was unjustly enriched at her expense, and the Court should dismiss Plaintiff's Complaint, with prejudice.

    vi.    *Plaintiff Fails to State a Claim Under Pennsylvania's UTPCPL*

Lastly, in Count VI of her Complaint, Plaintiff claims that Wells Fargo violated Pennsylvania's UTPCPL relying on the conclusory allegation that Wells Fargo "engaged in deceptive practices and omissions concerning the terms and nature of the mortgage loan." *DE No. 1-1*, ¶ 54. Under Pennsylvania law, "to state a claim under the [UTPCPL], a plaintiff must allege one of the 'unfair or deceptive practices' set forth in 73 P.S. § 201–2(4)(i)–(xxi)." *Romeo v. Pittsburgh Assocs.*, 787 A.2d 1027, 1033 (Pa. Super. Ct. 2001). To establish a private right of action under the UTPCPL, "a plaintiff must demonstrate (1) ascertainable loss of money or property, real or personal, (2) as a result of the defendant's prohibited conduct under the statute." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). The loss suffered must be non-speculative—"that statute clearly requires . . . that a plaintiff suffer an ascertainable loss as a result of the defendant's prohibited action." *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001).

In this action, Plaintiff does not identify any deceptive acts or omissions nor otherwise speak any facts to support her UTPCPL claim. Rather, Plaintiff merely expresses her dissatisfaction with the state court's Judgment in the underlying Foreclosure Action. As such, Count VI of Plaintiff's Complaint should be dismissed against Wells Fargo, with prejudice.

## CONCLUSION

For all the foregoing reasons, Wells Fargo respectfully requests that this Court dismiss Plaintiff's Complaint against Wells Fargo, with prejudice, and pursuant to Federal Rule of Civil Procedure 12(b)(6).

**REED SMITH LLP**

*/s/ Louis A. Bayles*
Louis A. Bayles, Esq.

Dated: January 13, 2026