# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARANI-ALIKE JOHNSON<br><br>Plaintiff,<br><br>vs.<br><br>INVALID LIEN on 2285 Bryn Mawr Avenue Philadelphia, PA 19131<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Civil Action No.: 2:26-cv-00036-MAK |

## DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF TARANI-ALIKE JOHNSON'S MOTION TO REMAND

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this case to this Court on January 6, 2026, based on federal question jurisdiction under 28 U.S.C. § 1331, created by Plaintiff Tarani-Alike Johnson's ("Plaintiff") claim under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ECF No. 1, ¶¶ 14, 18, 19, Exh. 1 at ¶¶ 48-49. In her Motion to Remand (ECF No. 4), Plaintiff claims that this Court lacks subject matter jurisdiction for various reasons, all of which are nonsense (e.g., this is a quiet title action which is "a pure in rem action;" the Rooker-Feldman doctrine bars federal jurisdiction because "the Court of Common Pleas has conclusively ruled that no foreclosure judgment exists and never existed;" "This Court must abstain to

1

avoid interfering with the Bankruptcy Court's exclusive jurisdiction and ongoing proceedings") ECF No. 4, at 1-3.

As noted in Wells Fargo's Notice of Removal, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically TILA. *See* ECF No. 1, ¶ 19 (citing Complaint, ¶¶ 48-49). Pursuant to 28 U.S.C. § 1441, a case brought in state court, raising "a claim arising under the Constitution, laws, or treaties of the United States" may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a), (c)(1)(A). Because Plaintiff's Complaint raises a claim for a violation of TILA, 15 U.S.C. § 1601 *et seq.*, this Court has subject matter jurisdiction over the case. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

Accordingly, Plaintiff's Motion to Remand is entirely without merit and must be denied.

**REED SMITH LLP**

*/s/ Louis A. Bayles*
Louis A. Bayles, Esq.

Dated: January 20, 2026