# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARANI-ALIKE JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-36** |
| | : | |
| **INVALID LIEN ON 2285 BRYN MAWR AVENUE PHILADELPHIA, PA 19131, WELLS FARGO BANK, N.A.** | : : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **January 29, 2026**

Tarani-Alike Johnson defaulted on her mortgage loan seventeen years ago. The Philadelphia County Court of Common Pleas entered judgment in favor of Wells Fargo Bank, N.A. granting it the right to foreclose on the property over seven years ago. Ms. Johnson continues to abuse federal and state courts with lawsuit after lawsuit hoping to delay execution on the 2018 foreclosure judgment. She repeatedly loses and tries again. She brazenly diverts public servants' time from ongoing disputes.

Our colleague Judge Hodge enjoined Ms. Johnson in April 2024 from filing new actions against Wells Fargo relating to her Philadelphia property. Judges similarly barred Ms. Johnson from pursuing these theories in the Bankruptcy Court in this District and in the Philadelphia County Court of Common Pleas. But Ms. Johnson again asks us to void the state court foreclosure action by claiming Wells Fargo violated the Truth in Lending Act in state court. Wells Fargo removed the case here and now moves to dismiss. Ms. Johnson did not timely respond. We grant Wells Fargo's motion to dismiss Ms. Johnson's complaint with prejudice.

I.  **Alleged facts**

Tarani-Alike Johnson signed a note borrowing money and a mortgage in favor of Wells Fargo's predecessor in interest, World Savings Bank, FSB, granting Wells Fargo a security interest in her property at 2285 Bryn Mawr Avenue, Philadelphia in 2007.[1] Ms. Johnson defaulted in paying her loan in January 2009 and Wells Fargo began a foreclosure action in the Philadelphia County Court of Common Pleas in 2010.[2] The Honorable Shelley Robins-New of the Philadelphia County Court of Common Pleas entered an order in favor of Wells Fargo in the foreclosure action in the amount of $392,000 on March 8, 2018.[3]

***Courts barring Ms. Johnson from continuing to litigate the 2018 judgment in foreclosure.***

Ms. Johnson challenged the validity of the March 8, 2018 judgment in state court, federal court, and bankruptcy court in multiple actions since 2018. Every court rejected her challenges and either admonished her abuse of the judicial system or enjoined her from filing new cases challenging the judgment entered against her in state court.

On January 5, 2023, Chief Judge for the United States Bankruptcy Court for the Eastern District of Pennsylvania Magdeline D. Coleman barred Ms. Johnson from filing future bankruptcy cases with respect to the Bryn Mawr Avenue property.[4]

On April 6, 2023, Philadelphia County Court of Common Pleas Judge Joshua Roberts barred Ms. Johnson from moving for reconsideration of the court's earlier orders in the foreclosure action.[5]

On April 30, 2024, our colleague the Honorable Kelley B. Hodge enjoined Ms. Johnson from filing a new case in this District: (1) naming Wells Fargo Bank, N.A., including its subsidiaries, affiliated corporations, and directors, officers, employees, agents, representatives, and attorneys; (2) raising any claim relating to or arising from the state court foreclosure action

and judgment against her regarding her Bryn Mawr Avenue property; and (3) raising claims against any state or federal judge, officer or employee for actions taken in the course of their official duties in connection with Ms. Johnson's earlier litigation.[6] Judge Hodge's Order further required Ms. Johnson to "first obtain leave from the Court to continue" any action removed from state court to this District or transferred from another federal district court and "[s]uch leave to continue would have to comply with the requirements" in the Order.[7] Ms. Johnson did not seek leave from us or any judge in this District.

Before entering her injunction order, Judge Hodge ordered Ms. Johnson to show cause why the court should not impose a narrowly tailored pre-filing injunction based on her pattern of conduct.[8] Judge Hodge found Ms. Johnson's response "offer[ed] no cogent reason why the proposed injunction should not be ordered," noting Ms. Johnson's response "raise[d] new arguments regarding the Court's jurisdiction and the legal ownership of the Property; all of which bear no relationship to whether the Court should order a pre-filing injunction" and "demonstrates that she seeks to delay the foreclosure of the Property by any means necessary."[9]

Two weeks ago, on January 15, 2026, Pennsylvania state court Judge Roberts again barred Ms. Johnson from filing additional papers in the foreclosure action without court approval.[10] Ms. Johnson appealed from Judge Roberts's January 15, 2026 Order to the Pennsylvania Superior Court.[11]

Ms. Johnson returned to the Bankruptcy Court last month seeking to vacate Chief Judge Coleman's January 5, 2023 Order denying Ms. Johnson's stay extension motion as to Wells Fargo's execution of the foreclosure judgment by selling her property at Sheriff's sale.[12] United States Bankruptcy Judge for the Eastern District of Pennsylvania Derek J. Baker denied Ms. Johnson's motion to vacate and motion for reconsideration and closed the case.[13]

*Ms. Johnson's latest abuse of the courts.*

In her latest complaint against Wells Fargo Bank, Ms. Johnson seeks yet again to quiet title in the Bryn Mawr Avenue property alleging an "invalid lien." She brings claims under the Truth in Lending Act and under state law seeking to quiet title and equitable relief in her Bryn Mawr Avenue property fully adjudicated in the state court foreclosure action.

Wells Fargo removed the action here given the Truth in Lending Act allegation.[14] It now moves to dismiss her complaint. We grant Wells Fargo's motion and dismiss Ms. Johnson's complaint with prejudice.

## II.     Analysis

The only federal claim asserted by Ms. Johnson is under the Truth in Lending Act, alleging Wells Fargo failed to disclose the material terms of credit, true creditor identity, and the intended use of the promissory note in violation of the Act.[15] We dismiss the Truth in Lending Act claim and decline to exercise our supplemental jurisdiction over the state law claims.

### A. The Truth in Lending Act claims are barred by res judicata and the statute of limitations.

Wells Fargo moved to dismiss Ms. Johnson's latest complaint as barred by res judicata and collateral estoppel. We agree and dismiss Ms. Johnson's Truth in Lending Act claim.

Res judicata is a principle of preclusion; claim preclusion and issue preclusion. Claim preclusion acts to foreclose "successive litigation on the very same claim" after final judgment.[16] Wells Fargo and Ms. Johnson litigated Wells Fargo's foreclosure action in the Philadelphia County Court of Common Pleas. The Philadelphia County Court of Common Pleas Judge Robins-New entered an order in favor of Wells Fargo in the foreclosure action on March 8, 2018. Ms. Johnson cannot come here and relitigate the issues already decided in the state court actions.[17] Ms. Johnson cannot disguise her challenge to the fully adjudicated foreclosure action by asserting a claim under

the Truth in Lending Act, a claim she could have made but did not in earlier versions of her many actions in this District, including in actions before us, Judge Younge, and Judge Hodge.

We dismissed with prejudice Ms. Johnson's October 2023 complaint against multiple defendants, including attorneys for Wells Fargo.[18] Ms. Johnson then asserted claims under the Truth in Lending Act against Wells Fargo's counsel Attorney Martha Von Rosenstiel. Ms. Johnson could have, but did not assert Truth in Lending Act claims against Wells Fargo. Res judicata bars not only claims brought in an earlier action, but also claims which could have been brought.[19] Ms. Johnson's Truth in Lending Act claim is barred by our December 29, 2023 Order in No. 23-4179 dismissing her case with prejudice.

Judge Hodge already dismissed Ms. Johnson's complaint against Wells Fargo as barred by res judicata and collateral estoppel.[20] The complaint now before us is also barred by issue preclusion, or collateral estoppel, barring successive litigation of an issue of fact or law, actually litigated, resolved in a valid court determination, and essential to the earlier judgment, "even if the issue recurs in the context of a different claim."[21] Judge Hodge explained the Philadelphia County Court of Common Pleas, in the foreclosure action, entered a final judgment on the merits in favor of Wells Fargo on March 8, 2018 involving the same parties, premised on the same underlying allegations and theories, and involving the same underlying material facts, documents, and witnesses.[22]

The central theme of Ms. Johnson's actions against Wells Fargo is her belief Wells Fargo did not have standing to foreclose on her property. The Philadelphia County Court of Common Pleas already decided this issue. Both claim preclusion and issue preclusion bar Ms. Johnson's instant complaint.

The statute of limitations for an action under the Truth in Lending Act makes Ms. Johnson's instant complaint untimely even if preclusion principles did not apply. We explained this fundamental principle to Ms. Johnson over two years ago.[23] We explained Congress generally requires persons bringing claims under the Truth in Lending Act to do so within one year and within three years for allegations alleging noncompliance with certain residential mortgage requirements.[24] The loan Ms. Johnson challenges originated in 2007, nineteen years ago. She is far beyond the applicable statute of limitations. We dismiss her claims under the Truth in Lending Act with prejudice.

### B.  We decline to exercise supplemental jurisdiction over the state law claims.

Having dismissed the sole federal claim, we determine whether to exercise supplemental jurisdiction over Ms. Johnson's state law claims to quiet title in the Bryn Mawr Avenue property and for declaratory relief, breach of contract, unjust enrichment, and statutory relief under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. We may decline to exercise supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction."[25]

We dismissed all claims over which we have original jurisdiction. Judge Hodge barred Ms. Johnson from filing new claims against Wells Fargo in this District and claims related to the Bryn Mawr Avenue property nearly two years ago. We decline to exercise supplemental jurisdiction. We dismiss Ms. Johnson's claims with prejudice.

### III.   Conclusion

Ms. Johnson again sues Wells Fargo trying to overturn a fully adjudicated state court foreclosure action relating to her Philadelphia property. Ms. Johnson then embarked on a years-long, post-judgment challenge to the validity of the state court judgment by filing countless

6

actions, motions, and other filings to avoid the judgment against her, including six bankruptcy actions, a state court action challenging the foreclosure including appeals to Pennsylvania's Superior and Supreme Courts, multiple actions in this Court and appeals to the United States Court of Appeals for the Third Circuit, and an action in the United States District Court for the Northern District of California.

Ms. Johnson's claims against Wells Fargo relating to the fully adjudicated state court foreclosure action are barred by res judicata, collateral estoppel, and the statute of limitations. We decline to exercise our supplemental jurisdiction over the state law claims. Judge Hodge's April 30, 2024 Order enjoined Ms. Johnson from filing "any new case" in this District naming Wells Fargo Bank, N.A. as a defendant and raising "any claim that may relate to or arise from the foreclosure litigation and judgment" entered against her on the property at 2285 Bryn Mawr Avenue, Philadelphia. We grant Wells Fargo's motion to dismiss.

We further direct Ms. Johnson to Judge Hodge's admonition the "serial repetitive complaints in federal court cause the expenditure of countless resources, judicial and otherwise, and establish a preliminary showing of abuse of the judicial process."[26]

---

[1] ECF 1-1, § III, ¶¶ 4–6.

[2] *Id.* ¶ 11.

[3] *Id.* ¶ 12; *see also id.* at 11 (using the pagination assigned by the CM/ECF docketing system).

[4] *In re Tarani Johnson*, No. 22-12668, ECF 113 (Bankr. E.D. Pa. Jan. 5, 2023). Chief Judge Coleman found Ms. Johnson "seeks to use the [bankruptcy] case to continue her long history of failing to pay Wells Fargo or surrender the [Bryn Mawr Avenue] Property to foreclosure, both of which have been ongoing for well over a decade. Such motive represents an abuse of the bankruptcy system and process" and "in light of [Ms. Johnson's] repeated unsuccessful bankruptcy filings in an attempt to hinder Wells Fargo's foreclosure proceedings against the Property, the Court invokes its authority pursuant to §105 of the Bankruptcy Code to impose conditions on the filing of any future bankruptcy cases with respect to the Property. In any such case, the automatic stay imposed under §362(a) shall not affect the Property [and] consistent with the *Rooker-Feldman*

doctrine, the Court, the Debtor and any other debtor asserting a right in or to the Property shall be bound by the State Court Judgment unless vacated by the Pennsylvania state court." *Id.* ¶¶ 7–8.

[5] *Wells Fargo Bank, N.A. v. Johnson*, April Term 2010, No. 1188 (Phila. Ct. Com. Pl. Apr. 6, 2023).

[6] *Johnson v. Wells Fargo Bank, N.A.*, No. 23-1376, 2024 WL 2839286 (E.D. Pa. Apr. 30, 2024), *appeal dismissed*, No. 24-2022, 2025 WL 1589260 (3d Cir. Jan. 29, 2025). Judge Hodge's April 30, 2024 Order summarizes Ms. Johnson's various filings in state and federal courts. *Id.* at *1 n. 1–3. Judge Hodge's April 30, 2024 Order noted our colleague the Honorable John Milton Younge had already dismissed yet another action brought by Ms. Johnson against Wells Fargo challenging the foreclosure action. *Johnson v. Wells Fargo Bank, N.A.*, No. 23-3091, ECF 21. Judge Younge dismissed Ms. Johnson's complaint as barred by res judicata and collateral estoppel and because the *Rooker Feldman* doctrine deprived the court of jurisdiction, and noted Ms. Johnson "has filed a plethora of duplicative actions in this court and others and has been admonished multiple times for her repetitive filings." *Id.* at 1 n.2.

[7] *Johnson*, 2024 WL 2839286, at *3.

[8] *Id.*, No. 23-1376, ECF 24.

[9] *Id.*, 2024 WL 2839286, at *2.

[10] *Wells Fargo Bank, N.A. v. Johnson*, April Term 2010, No. 1188 (Phila. Ct. Com. Pl. Jan. 15, 2026); *Johnson v. US Bank Trust, et al.*, August Term 2025, No. 1015 (Phila. Ct. Com. Pl. Jan 15, 2026). Judge Roberts enjoined Ms. Johnson from filing "any papers, including purported emergency filings" in either action based on her continued pattern of "serially filing meritless claims and motions that have been litigated and re-litigated countless times in this Court and in the federal court." *Id.*

[11] *Wells Fargo Bank, N.A. v. Johnson*, 282 EDA 2026, 283 EDA 2026, 284 EDA 2026. Ms. Johnson's appeals in the Pennsylvania Superior Court remain pending as of today.

[12] Ms. Johnson moved her dismissed claims on the road to avoid Judge Hodge's injunction. She filed a complaint and moved for a temporary restraining order in the United States District Court for the Northern District of California against Wells Fargo around the time of her December 2025 filings in the Bankruptcy court. *Johnson v. Wells Fargo Bank N.A.*, 25-10992. The Honorable Haywood S. Gilliam, Jr. denied Ms. Johnson's motion for temporary restraining order on January 5, 2026. *Id.* ECF 13. Judge Gilliam ordered Ms. Johnson to show cause why the case should not be dismissed for improper venue. *Id.* ECF 14. Ms. Johnson responded by filing an amended Complaint against Wells Fargo, attorney Martha von Rosenstiel, law firms, and Judges of the Philadelphia County Court of Common Pleas she sued in 2023 in *Johnson v. Rosenstiel, et al.*, No. 23-4179 relating to the foreclosure action on the Bryn Mawr Avenue property which we dismissed with prejudice. *Id.* ECF 15. Ms. Johnson responded by asking Judge Gilliam transfer her California complaint to Judge Younge in this District. *Id.* ECF 16. Judge Gilliam is presently reviewing the issues based on our docket review.

---

[13] *In re Tarani Johnson,* No. 22-12668, ECF 208, 211, 212 (Bankr. E.D. Pa. Jan. 29, 2026).

[14] We denied Ms. Johnson's Motion to remand. ECF 16.

[15] 15 U.S.C. § 1601, *et seq.* Ms. Johnson invokes sections 1631 and 1635, alleging Wells Fargo failed to disclose the material terms of credit and is entitled to recission and statutory damages. *See* ECF 1-1, ¶¶ 48, 49.

[16] *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025).

[17] *Id.* at 153 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

[18] *Johnson v. Rosenstiel, et al.*, No. 23-4179, 2023 WL 9052004 (E.D. Pa. Dec. 29, 2023).

[19] *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

[20] *Johnson,* 2024 WL 1235546, at *1–3 (E.D. Pa. Feb. 15, 2024) (Hodge, J.). As fully analyzed by Judge Hodge, our Court of Appeals considers four factors to determine whether claim preclusion applies: "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same." *Id.* at *2 (quoting *U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 933 (3d Cir. 1984)). Judge Hodge also explained collateral estoppel, or issue preclusion, is a doctrine preventing relitigating an issue in a later action based on a cause of action different from the earlier cause of action litigated. *Id.* at *3. We must give Pennsylvania judgments the same preclusive effect as would be given the judgment under Pennsylvania law requiring "(1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in a prior action." *Id.* (quoting *James v. Heritage Valley Fed. Credit Union*, 198 F. App'x 102, 105–06 (3d Cir. 2006)).

[21] *Adams*, 151 F.4th at 153 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

[22] *Id.* at *2.

[23] *Johnson*, 2023 WL 9052004, at *6.

[24] *Id.*

[25] 28 U.S.C. § 1367(c)(3).

[26] *Johnson*, 2024 WL 2839286, at *2.